UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ATHINA KARAHOGITIS,**

   Plaintiff,

v.                                              **No. 4:24-cv-00706**

**TPUSA, INC. D/B/A TELEPERFORMANCE USA,**

   Defendant.

## OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss for *forum non conveniens*, Motion to Transfer under 28 U.S.C. § 1404(a), and Motion to Dismiss under Rule 12(b)(6). ECF No. 12. Having considered the Motion and applicable law, the Court **DENIES** the Motion to Dismiss for *forum non conveniens* and Motion to Transfer under § 1404(a). The Motion to Dismiss under 12(b)(6) is **DENIED in part and GRANTED in part.**

## BACKGROUND

Plaintiff Athina Karahogitis is a 50-year-old female with a history of cancer and epilepsy. Plaintiff worked for Defendant TPUSA, Inc., which does business as "Teleperformance USA," from 2013 until November 2023. Plaintiff worked in Defendant's Greece office from 2013 until 2022. In 2022, Plaintiff was promoted. As part of her promotion, she was asked to join the Teleperformance team in the United States. Plaintiff accepted and moved to Mineral Wells, Texas. On November 29, 2023, Plaintiff was terminated.

Based on her termination, Plaintiff brings claims for breach of contract, fraud, and employment discrimination. The only claims subject to this Motion are those related to the alleged discrimination.

When Plaintiff accepted her promotion, she signed an Employment Agreement containing a New York choice-of-law provision and a forum-

selection clause. The choice-of-law provision is not in dispute, but the forum-selection clause is. The forum-selection clause reads as follows:

> <u>Consent to Jurisdiction.</u> Each of the Parties hereby irrevocably submits and consents to the non-exclusive jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in and for the County of New York, as may be appropriate, for the purpose of any action or proceeding brought by any Party in connection with this Agreement.

Based in part on this provision, Defendant claims that this venue is inconvenient and that the suit should be dismissed or transferred to the Southern District of New York. Plaintiff responds that the forum-selection provision is not mandatory, and that the lawsuit should therefore remain in this Court. Defendant also moves to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim, arguing that Plaintiff's first claim is duplicative of others and that Plaintiff did not exhaust her administrative remedies under the Age Discrimination in Employment Act.

## LEGAL STANDARD

The doctrine of *forum non conveniens* is the procedural avenue to enforce a forum-selection clause. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). When the forum-selection clause points to a foreign or state forum, dismissal is appropriate under *forum non conveniens. Id.* However, when the appropriate forum is another federal court, the Court should transfer the case under 28 U.S.C. § 1404(a). *Id.*

Federal courts may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the movant to "clearly establish good cause" for transfer. *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). Typically, a court considering a § 1404(a) motion is required to evaluate both "private interests of the parties and public-interest considerations." *Atl. Marine*, 571 U.S. at 64. The factors considered are the same for a

§ 1404(a) motion to transfer and a *forum non conveniens* motion to dismiss. *Id.* at 63–64. The "existence of a mandatory, enforceable [forum-selection clause] dramatically alters the analysis." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). Indeed, where there is a mandatory forum-selection clause, a court "should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 571 U.S. at 62.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

### A. *Forum non conveniens* Motion to Dismiss and § 1404(a) Motion to Transfer

Plaintiff does not dispute that her claims fall within the scope of the forum-selection clause or that the clause is enforceable. The Parties' dispute concerns the proper taxonomy of the clause: Plaintiff says it is permissive; Defendant insists it is mandatory. The Court must make this determination before considering any private or public interests. As discussed below, the Court finds that the clause is permissive. Additionally, the Court finds that the public- and private-interest factors do not overcome Plaintiff's preferred choice of forum.

### 1. The Forum-Selection Clause

A federal court sitting in diversity should use the parties' choice of law to determine whether a forum-selection provision is mandatory or permissive. *See Weber*, 811 F.3d at 770–71. Here, the Employment Agreement contains a New York choice-of-law clause, and neither party disputes that New York Law applies. *See* ECF No. 21 at 2. Accordingly, the Court looks to New York Law to determine whether the forum-selection clause is permissive or mandatory.

New York courts deem a forum-selection clause mandatory if it is "unambiguous" and "provide[s] that the specified forum is the exclusive or sole forum in which the matter may be heard . . . ." *Walker, Truesdell, & Roth Assoc., Inc. v. Globeop Fin. Servs., LLC*, No.600469/09, slip op. at *5 (N.Y. Sup. Ct. 2013). Ambiguity, according to New York law, is evident if language "on its face is reasonably susceptible to more than one meaning." *Greenfield v. Philles Record*, 98 N.Y.2d 562, 569 (Ct. App. 2002). Accordingly, New York courts have repeatedly deemed forum-selection clauses mandatory that include "shall" or "exclusive" in their language. *Walker*, No.600469/09 at *5. On the other hand, if a forum-selection clause lacks a "clear indication of exclusion," then the clause is permissive. *Walker,* No.600469/09 at *5.

Here, the Court finds that the disputed forum-selection clause is at best ambiguous, if not clearly permissive. The language reads: "Each of

4

the Parties hereby irrevocably submits . . . to the non-exclusive jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in . . . the County of New York . . . ." When reading "non-exclusive" alongside "irrevocably submits," the clause creates two interpretations, as shown by the Parties' respective arguments. The term "non-exclusive" could describe the choice between state or federal court, or it could describe the two New York jurisdictions collectively. Thus, at best, the ambiguity in the language renders this forum-selection clause permissive because it lacks a "clear indication of exclusion." *Walker*, No.600469/09 at *5.

In a single sentence, the clause states that the parties' consent to the "non-exclusive jurisdiction" of two courts: "the United States District Court for the Southern District of New York *and* the Supreme Court of the State of New York in . . . the county of New York." The word "and" indicates that *both* courts are proper venues to bring lawsuits—but not the *only* proper venues, as clarified by the phrase "non-exclusive." Any other interpretation runs contrary to the plain language. Thus, the Court finds the clause to be permissive.

2. Public- and Private-Interest Factors

After determining that the forum-selection clause is permissive, the Court must now consider whether the public- and private-interest factors support a transfer or dismissal. Because the factors are the same for both *forum non conveniens* and § 1404(a), the Court analyzes them only once.

a. *Public-Interest Factors*

The public-interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law; (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). According to the Fifth Circuit, a "strong favorable presumption is applied to plaintiff's choice of forum" when the

5

forum-selection clause is permissive. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 795 (5th Cir. 2007). Because the "balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.*

*First*, "administrative difficulties caused by docket congestion" are not exacerbated by transfer. Plaintiff uses "time to trial" statistics to determine that the Southern District of New York is more appropriate. However, the Fifth Circuit has rejected statistics on "time to trial" when applying this factor. ECF No. 18 at 5; *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024). Both the Southern District of New York and this Court have busy dockets. At most, this factor is neutral.

*Second*, the "local interest in having localized interests decided at home" is also neutral. Recently, the Fifth Circuit has explained to this Court that the "local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *In re Chamber of Com. of U.S.*, 105 F.4th 297, 308 (5th Cir. 2024) (emphasis in original). Here, there is little argument to be made about the Northern District's interest in the claims at issue. The mere fact that Plaintiff is based in the Northern District of Texas does not inherently mean non-party citizens have an interest in this dispute. *See Bruckner Truck Sales, Inc. v. Hoist Lifttruck Mfg., LLC*, 501 F. Supp. 3d 409, 419 (N.D. Tex. 2020). The alleged instances of discrimination occurred while Plaintiff was working in multiple locations, including abroad. *See* ECF No. 1. When the allegations occurred in multiple locations, local interest is deemed to be neutral. *Wells Fargo Bank, N.A. v. Bank of America, N.A.*, No 3:10-CV-1825-L, 2010 WL 5287538, at *4 (N.D. Tex. Dec. 23, 2010). Because neither state has a local interest in this case, this factor is also neutral.

*Third*, the "familiarity of the forum with the law that will govern the case" weighs slightly in favor of transfer. The choice-of-law clause in the contract is undisputed by the parties, so New York law governs this dispute. *See* ECF No. 1; ECF No. 12. Transferring this case to the Southern District of New York would undoubtedly place this case with a court familiar with New York law. However, as Plaintiff notes, the claims in this dispute are largely governed by federal law. *See* ECF No. 21 at 17. Federal courts across the country are equally capable of

applying federal law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The slight preference of New York courts applying New York law does not overcome the "strong favorable presumption" of plaintiff's forum. *DTEX, LLC*, 508 F.3d at 795.

*Fourth*, the "unnecessary avoidance of conflict of laws [or in] the application of foreign law" factor weighs slightly in favor of transfer or dismissal. Similar to the analysis of the third factor, the claims in this dispute are largely governed by federal law. *See* ECF No. 21 at 17. Plaintiff's claims should not invoke any conflict of laws or any foreign law. *See id.* However, Plaintiff does have two state-law claims. Because New York law governs the Employment Agreement, there may be some conflict between Texas and New York law. However, Texas courts are fully capable of applying New York law. *See Atl. Marine*, 571 U.S. at 67-68 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."). Accordingly, this factor weighs slightly in favor of the Defendant, but not so "strongly in favor of the defendant" as to overcome the preference given to plaintiff's choice of forum.

*Fifth*, the "unfairness of burdening citizens in an unrelated forum with jury duty" is neutral. As previously noted, neither New York nor Texas has a local interest in this case. Accordingly, whether the suit is in New York or in Texas, the jury will be largely unrelated to the suit. This factor is also neutral.

Because most of the public-interest factors are neutral, they do not "strongly favor the defendant" and are not enough to overcome the "strong favorable presumption" of the plaintiff's choice of forum. *DTEX, LLC*, 508 F.3d at 795. Accordingly, the public-interest factors do not favor dismissal under *forum non conveniens* or transfer under § 1404(a).

### b. Private-Interest Factors

The private-interest factors are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance to willing, witnesses; (3) possibility of view of the premises, if that view would be appropriate to the action; (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive, enforceability of judgment; and

7

whether the plaintiff has sought to "vex," "harass," or "oppress" the defendant. *DTEX, LLC*, 508 F.3d at 794. Because there are no premises to be viewed in this case, the Court will skip the third factor.

*First*, the "relative ease of access" weighs against dismissal or transfer. This factor is focused on the location of physical evidence, not witnesses. *See, e.g., Seven Networks, LLC v. Google LLC*, 315 F. Supp.3d 933 (E.D. Tex. 2018). The relevant documentation in this lawsuit seems to have zero connection to New York. The list of potential witnesses offered by the Defendant does not include a single individual based in New York. *See* ECF No. 12 at 11. On the other hand, Plaintiff lives in the Northern District of Texas. To the extent that she must publish relevant documentation for her claims, that evidence is likely in Texas. Because relevant documentation is more likely to be in Texas than New York, this factor weighs against dismissal or transfer.

*Second*, the "availability of compulsory process for attendance of . . . and cost . . . of witnesses" weighs against dismissal or transfer. This factor requires Defendant to note what potential non-party witnesses may be relevant for the litigation and explain why their testimony is "critical" to the case. *See CFE Int'l LLC v. Schnaas*, No. H-22-3385, 2023 WL 6702486, at *5 (S.D. Tex. Oct. 12, 2023). As Plaintiff notes in her response, Defendant fails to mention any potential non-party witnesses that may need to be subpoenaed. *See* ECF No. 21 at 13–14. While Defendant does provide a list of potential witnesses, all the identified individuals are employees of Defendant. *See* ECF No. 12 at 11. Because Defendant has failed to identify any non-party witnesses, or how their testimony would be "critical," this factor weighs against dismissal or transfer. *CFE Int'l,* 2023 WL 6702486, at *5.

The consideration of non-party witnesses is the "more important" consideration and is "accorded greater weight" for this factor than party witnesses. *In re Orion Marine Constr.*, No 3:20-CV-0039, 2020 WL 8083679, at *5 (S.D. Tex. Dec. 20, 2020). However, even considering the party witnesses, this factor weighs against dismissal or transfer. Defendant gives a list of potential party witnesses, but none of those witnesses reside in New York. ECF No. 12 at 11. In fact, most of those witnesses live abroad. *Id.* Whether it be to New York or to Texas, those

8

witnesses will have to travel to the United States if needed. While travel to Texas may be slightly less convenient, that inconvenience does not outweigh the lack of identified non-party witnesses. On the Plaintiff's side, Plaintiff herself is the main witness for her case. ECF No. 21 at 15. She resides in Texas, and therefore this suit remaining in the Northern District of Texas is more convenient for her. Overall, this factor weighs against dismissal or transfer.

*Third*, "all other practical problems" is neutral. The Southern District of New York and the Northern District of Texas are both equally capable of litigating this case. Defendant fails to claim any other practical issues that may arise, nor has Defendant claimed that Plaintiff is bringing this suit for harassment purposes. *See* ECF No. 25 at 8.

Seeing that the private-interest factors weigh mostly against dismissal or transfer, the private-interest factors do not "strongly favor the defendant." *DTEX, LCC*, 508 F.3d at 795. Therefore, these factors do not overcome Plaintiff's choice of forum.

\* \* \*

Because the forum-selection clause is permissive, and because the private- and public-interest factors do not "strongly favor the defendant," the Court does not find a valid reason to dismiss this case or transfer it. Accordingly, Defendant's Motion to Dismiss for *forum non conveniens* and Motion to Transfer are both **DENIED**.

## B. Motion to Dismiss

The Court now turns to Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6).

### 1. Wrongful-Discharge Claim

In Plaintiff's Complaint, she alleges a claim for "wrongful discharge in violation of public policy" saying it is "unlawful to terminate an employee because of an employee's sex, age, or disability." *See* ECF No. 1 at 6. Defendant moves to dismiss this claim as a duplicate of Counts Two, Four, and Five in the original complaint. *See* ECF No. 25 at 9. Count Two states a claim for sex discrimination under Title VII "[a]s a result of . . . wrongful discharge." *Id.* at 7. Count Four states a claim for

disability discrimination under the Americans with Disabilities Act (ADA) by "retalia[ting] against Plaintiff by terminating Plaintiff's employment." *Id.* at 8. Count Five states a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA") for "terminat[ing] Plaintiff and/or fail[ing] to reinstate Plaintiff." *Id.* at 10. All three claims cover the more generalized claim found in Count One.

Because the Court has seen no evidence that wrongful termination in violation of public policy is an independent claim from the individual retaliation claims under the ADA, ADEA, and Title VII, this count should be dismissed. Accordingly, Defendant's Motion to Dismiss the wrongful discharge claim (Count One) is **GRANTED**.

### 2. Age-Discrimination Claim

Plaintiff's fifth claim alleges age discrimination under the ADEA. A plaintiff may not bring an ADEA claim in federal court "until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission" ("EEOC"). 29 U.S.C. § 626(d). An ADEA plaintiff must exhaust her administrative remedies, and a failure to exhaust administrative remedies is an affirmative defense that must appear "clearly on the face of the pleadings." *Nunez-Renck v. IBM*, No. 3:23-CV-1308-D, 2023 WL 8464950, at *2 (N.D. Tex. Dec. 6, 2023). In assessing whether a plaintiff exhausted her administrative remedies, the court considers whether the claim could have been "reasonably . . . expected to grow out of the charge of discrimination." *Nunez-Renck*, 2023 WL 8464950, at *2.

Here, Defendant argues that Plaintiff failed to exhaust administrative remedies because her EEOC charge "merely mention[s] her age." *See* ECF No. 12 at 15. Defendant argues that the lack of details means that the missing information could not "reasonably be expected" to be within the EEOC's investigation scope. *See* ECF No. 12 at 15. Defendant also relies on *Nunez-Renck* to claim that the mere mention of Plaintiff's age means the administrative remedies were not exhausted. However, in *Nunez-Renck*, the plaintiff failed to allege *any* disability in her EEOC charge. Here, Plaintiff's transmittal letter to the EEOC clearly included a "potential" claim of discrimination based on age. *See*

10

ECF No. 22 at 46 ("I . . . have been subjected to discrimination on the basis of sex and disability . . . and potentially age."). Plaintiff included evidence of her Right to Sue as issued by the EEOC, which is sufficient evidence of exhaustion of administrative remedies. *See* ECF No. 1-1.

Because the Court finds that Plaintiff's age-discrimination pleading provides sufficient evidence that she exhausted her administrative remedies, Defendant's Motion to Dismiss the age discrimination claim is **DENIED**.

## CONCLUSION

Having considered the permissive nature of the forum-selection clause and the relevant public- and private-interest factors, the Court finds that the Northern District of Texas is an appropriate forum for this case. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss for *forum non conveniens* and Motion to Transfer. Because Plaintiff's wrongful discharge claim (Count One) is duplicative of her other charges (Counts Two, Four, and Five), the court **GRANTS** Defendant's Motion to Dismiss in part and **DISMISSES** the general wrongful-discharge claim. Finally, Plaintiff has shown that she has exhausted her administrative remedies sufficiently to proceed with her age discrimination. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss the age-discrimination claim.

**SO ORDERED** on this **14th day of November 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE