IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Athina Karahogitis | § | |
| | § | |
| v. | § | Case No. 4:24-cv-00706 |
| | § | |
| TPUSA, Inc. d/b/a Teleperformance USA and Does 1-20 | § § | |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL

Plaintiff, Athina Karahogitis, files this *Reply in Support of Her Motion to Compel* against Defendant, TPUSA, Inc., and would show the Court as follows. Many of the issues raised in Ms. Karahogitis' motion have been, or soon will be, resolved. There are at least two issues left for resolution by the Court, however.

**A.    First, Teleperformance's amended discovery responses are still made "without waiver" of two pages' worth of general boilerplate objections.**

On April 11, 2025 (i.e., the day *after* any amended motion to compel was due), Teleperformance served its Amended Response to Plaintiff's Request for Production. Although Teleperformance removed the "subject to and without waiving" language from many of its individual responses, the document still begins with the same two-page "Introductory Statement" of general objections and states that "an objection or response by Defendant to any Request below is made without waiver of these general objections." *See* Doc. 52 at App. 31-32. Thus, Teleperformance's Amended Response to Plaintiff's Request for Production is still in violation of well-established precedent in this District.

*See, e.g., Carr v. State Farm Mutual Automobile Ins. Co.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015); *Heller v. City of Dallas*, 303 F.R.D. 466, 487-88 (N.D. Tex. 2014). Teleperformance should be ordered to produce any documents it has withheld "subject to" and "without waiving" its objections.

**B.     Second, the Court should order Teleperformance to produce documents and account for information in the possession of the rest of the Teleperformance Group.**

The Court should also order Teleperformance to produce documents and account for information in the physical possession of the rest of the Teleperformance Group. The cases cited by Ms. Karahogitis are directly on point, whereas the cases cited by Teleperformance in its response are readily distinguishable.

In *Goh v. Baldor Elec. Co.*, No. 3:98-MC-064-T, 1999 WL 20943 (N.D. Tex. Jan. 13, 1999), the Court denied the motion to compel because the responding party submitted affidavits showing that other than shared membership in the common association of "Ernst & Young International," Ernst & Young LLP, Ernst & Young Singapore, and Ernst & Young Thailand each controlled its own resources, maintained separate profit pools, and held different partners, members, and management. No such affidavit was filed here.

In *United My Funds, LLC v. Perera*, No. 4:19-CV-00373, 2020 WL 1225042, at *8 (E.D. Tex. Mar. 12, 2020), the Court noted that the requesting party had only established that United My Funds and Unitex had a common address and shared a common owner, James

Yoo, who was the president and sole member of United My Funds and a 50% owner of Unitex. *Id*. at *8.  The only thing else the requesting party offered was speculation that "[i]t is possible, even, that the Unitex documents are stored on the exact same computer as the documents previously produced by [United My Funds]."  *Id*.  The Court specifically noted that the requesting party provided no evidence demonstrating an exchange of documents between the entities, any benefits shared between the two, any relationship between the parties in this litigation outside of common membership, or that the entities were corporate relatives.  *Id*. at *8-*9.

Here, in contrast, Ms. Karahogitis addressed all of the relevant factors.[1]  The record shows that the group of companies owned by Teleperformance SE (the "Teleperformance Group") holds itself out as an integrated global organization.[2]  The Teleperformance Group has one executive committee, one board of directors, and one management committee for the entire organization.[3]  Its employees perform services for parents, affiliates, and subsidiaries and therefore have access to all of the group's materials for

---

[1] In *United My Funds*, the Court applied the same factors outlined in the *Goodyear Tire & Rubber* case cited in Ms. Karahogitis' opening brief: "Among the factors used by courts to determine whether one corporation may be deemed under control of another corporation are: (a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business, (d) any benefit or involvement of the nonparty corporation in the transaction, and (e) involvement of the non-party corporation in the litigation." *United My Funds*, 2020 WL 1225042, at *8.  The Court also noted that "Courts have ordered corporate parties to produce documents in the possession of corporate relatives—such as parent, sibling, or subsidiary corporations." *Id*.

[2] *See* https://www.tp.com/en-us/why-tp/about-tp/

[3] *See* https://www.tp.com/en-us/why-tp/leadership/

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL – PAGE 3**

business needs. Indeed, Ms. Karahogitis' employment agreement with TPUSA Inc. specifically contemplates that she will be performing services for "the group of companies owned by Teleperformance SE (collectively, the 'Teleperformance Group')." *See* Doc. 41 at App. 034-035. Furthermore, TPUSA Inc. included personnel from Teleperformance Greece, Teleperformance Netherlands, Teleperformance Portugal, and other Teleperformance Group members in its initial disclosures, *see* Doc. 41 at App. 071, which shows that TPUSA Inc. can secure information from other group members to meet its business needs. *See Goodyear Tire & Rubber Co. v. Ceva Logistics Singapore, Ltd.*, 348 F.R.D. 54, 79 (E.D. La. 2024).

Thus, Ms. Karahogitis has shown that TPUSA Inc. clearly has control of documents and information in the possession of its parent, siblings, or subsidiary organizations. *Goodyear Tire & Rubber Co.*, 348 F.R.D. at 68. Thus, the Court should order Teleperformance to produce all responsive documents regardless of which member of the Teleperformance Group has them in its physical possession.

The Court should do the same with respect to the requested depositions. TPUSA Inc. previously took the position that representatives of the Teleperformance Group could only be contacted through TPUSA Inc.'s attorneys at Akerman. This specifically included Mr. Cardoso, who works for Teleperformance Portugal, along with others who work for Teleperformance Greece, Teleperformance Netherlands, and the global Teleperformance Group. It is unfair for TPUSA Inc. to now say that it is willing to

coordinate depositions of Mr. Dupuy, Mr. Cardoso and Mr. Hamalelis, but only "if those individuals are amenable to do so."

The argument is even stronger with respect to Teleperformance's corporate representative. "The majority of courts to address the issue have recognized that an organizational spokesperson's responsibility for matters 'reasonably available' to the organization can include the responsibility to obtain information from . . . affiliates, and other sources." *Goodyear Tire & Rubber Co.*, 348 F.R.D. at 74 (collecting cases). "Information is 'reasonably available' for purposes of Rule 30(b)(6) when the corporate deponent either can secure the information from the related entity to meet its business needs or acted with it in the transaction that gave rise to the suit." *Id*.

That is exactly what the record reflects here. As discussed above, the Teleperformance Group holds itself out as an integrated global organization with one executive committee, one board of directors, and one management committee for the entire organization. Its employees perform services for parents, affiliates, and subsidiaries and therefore each Group member has access to all of the Group's materials for business needs. Ms. Karahogitis' opening brief explains why the proposed topics are relevant to the parties' claims and defenses and proportional to the needs of this case, and Teleperformance has not made the particularized showing required when one argues that a discovery request is unduly burdensome, or oppressive. *See Heller*, 303 F.R.D. at 490 ("A party resisting discovery must show specifically how each interrogatory or

document request is overly broad, unduly burdensome, or oppressive."). Thus, the Court should order Teleperformance to designate one or more representatives to testify on its behalf on all of the subject matters identified by Ms. Karahogitis.

WHEREFORE, PREMISES CONSIDERED, Ms. Karahogitis respectfully requests the Court to grant her motion to compel, order Teleperformance to respond to Ms. Karahogitis's requests for production and present the requested witnesses for deposition, and grant Ms. Karahogitis such other and further relief to which she may be entitled.

Dated: April 21, 2025.

        Respectfully submitted,

        */s/ Brian Vanderwoude*
        J. Brian Vanderwoude
        Texas Bar No. 24047558
        **DORSEY & WHITNEY LLP**
        200 Crescent Court, Suite 1600
        Dallas, Texas 75201
        (214) 981-9900 Phone
        (214) 981-9901 Facsimile
        vanderwoude.brian@dorsey.com

        Gabrielle M. Wirth
        Admitted *pro hac vice*
        **DORSEY & WHITNEY LLP**
        600 Anton Boulevard, Suite 2000
        Costa Mesa, CA 92626-7655
        (714) 800-1400 Phone
        (714) 800-1499 Facsimile
        wirth.gabrielle@dorsey.com

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I submitted the foregoing document with the clerk of the United Stated District Court for the Northern District of Texas, Fort Worth Division, using the electronic case filing system of the Court, serving all counsel of records in a manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

                                              */s/ Brian Vanderwoude*
                                              J. Brian Vanderwoude