**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ATHINA KARAHOGITIS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:24-CV-706-P** |
| | § | |
| **TPUSA, INC., D/B/A** | § | |
| **TELEPERFORMANCE USA, ET AL.** | § | |

<u>**ORDER GRANTING PLAINTFF'S MOTION TO COMPEL**</u>

Pending before the Court is Plaintiff Athina Karahogitis' Motion to Compel [doc. 39], filed March 28, 2025.  After carefully considering the motion, response, and reply, the Court finds that Plaintiff's motion should be **GRANTED**.

## I.    RELEVANT BACKGROUND

In Plaintiff's Complaint [doc. 1], Plaintiff alleges claims against Defendant TPUSA, Inc. d/b/a Teleperformance USA ("Teleperformance") for: (1) sex discrimination under Title VII of the Civil Rights Act; (2) age discrimination under the Age Discrimination in Employment Act; (3) disability discrimination under the Americans with Disabilities Act ("ADA"); (4) failure to pay equal pay for equal work; (5) breach of contract; and (6) fraud.  (Plaintiff's Complaint ("Pl.'s Compl.") at 7-12.)[1]  Plaintiff, in her reply, notes that "[m]any of the issues raised in [her] motion have been, or soon will be, resolved," and states that the following "two issues [are] left for resolution by the Court[:]" (1) whether Teleperformance's amended discovery responses that are made "without waiver" of its general boilerplate objections should be sustained and (2) whether Teleperformance should be ordered to produce documents and account for information in the

---

[1] The Court notes that, in an order dated November 14, 2024, District Court Judge Mark Pittman dismissed Plaintiff's claim for general wrongful discharge (count one).

possession of the rest of the Teleperformance Group.  (Plaintiff's Reply in Support of Her Motion to Compel ("Pl's Reply) at 1-6.)

## II.    <u>LEGAL STANDARD AND ANALYSIS</u>

Federal Rule of Civil Procedure ("Rule") 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant[2] to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits."  Fed. Civ. P. 26(b)(1) (footnote inserted).  Pursuant to Rule 34(a), a party may serve on any other party a request to, as relevant here, produce any designated documents or electronically stored information.

 If a party fails to fully respond to a request to produce documents, the party seeking the discovery may move for an order compelling production to that discovery request pursuant to Rule 37(a)(3)(B).  On a motion to compel, "[t]he burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence."  *S.E.C. v. AmeriFirst Funding, Inc*., No. 3:07-CV-1188-D, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008) (internal quotation marks and citations omitted).  A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence."  *Reyes v. Red Gold, Inc.*, No. B-05-191, 2006 WL 2729412, at *1 (S.D. Tex. Sept. 25, 2006) (internal quotation marks and citations omitted); *see*

---

[2] "Courts have traditionally construed 'relevance' broadly: information is relevant if it "encompass[es] any matter than bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Coughlin v. Lee*, 946 F.2d 1152, 1169 (5th Cir. 1991), quoting Fed. R. Civ. P. 26(b); *Dunbar v. U.S.*, 502 F.2d 506, 509-510 (5th Cir. 1974).

*Centennial Bank v. Holmes*, No. 5:23-CV-044-H, 2024 WL 4525526, at *4 (N.D. Tex. May 29, 2024); *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *1 (N.D. Tex. Feb. 27, 2014) (noting that the "party resisting discovery must show specifically how each request is not relevant or otherwise objectionable"). It is not enough for a party to generally or broadly object, rather "objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *See Heller v. City of Dallas*, 303 F.R.D. 466, 483-89 (N.D. Tex. 2014) (finding that a party resisting discovery must show how the requested discovery was objectionable by submitting affidavits or offering evidence revealing the nature of the burden or basis for objection). Additionally, "general objections asserted without specific support may be waived." *Hinds v. Baker Hughes, Inc.*, MO-06-CV-134, 2007 WL 9710939, at *3 (W.D. Tex. Aug. 8, 2007). Pursuant to Rule 26(c), however, a court, for good cause, may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

## A.  <u>General Objections and Without Waiver Language</u>

The Court will first address Teleperformance's "Introductory Statement" in its Amended Responses and Objections to Plaintiff's Request for Production ("Amended Responses and Objections") in which it sets forth "general objections" and "without waiver" language to Plaintiff's Request for Production. (Defendant's Appendix to Response in Opposition to Plaintiff's Motion to Compel ("Def.'s App.") at Exhibit ("Ex.") E.) As set forth above, "[a] general objection untethered to specific requests (and is thus also a boiler plate objection) is improper." *See MacNair v. Chubb Eur. Grp. SE*, No. 23-761, 2024 WL 663652, at *11, (E.D. La. Feb. 16, 2024) (finding "[w]here a general objection is connected to both the facts of the case and specific

discovery requests, they are proper; when they are disconnected from either the facts or the discovery requests, they are not proper.").

In addition, the use of "without waiver" language is improper in federal courts, as such "objections are misleading, worthless and without legitimate purpose or effect." *Shintech Inc. v. Olin Corp.*, No. 3:23-cv-00112, 2023 WL 6807006, at *5 (S.D. Tex. Oct. 16, 2023) (internal citations omitted); *see Heller*, 303 F.R.D. at 486-87 (noting that the practice of using "subject to" and/or "without waiving" objections leaves a requesting party uncertain about whether a request has been fully answered or if only a portion of the request has been answered); *MacNair*, No. 2024 WL 663652, at *5 ("[I]t is improper for parties responding to discovery to provide responses with the caveat that they are given 'subject to and without waiving' objections."). "[I]f the request is truly objectionable—that is, the information or documents sought are not properly discoverable under the Federal Rules—the responding party should stand on an objection so far as it goes, instead of answering 'subject to.'" *Centennial Bank v. Holmes*, No. 5:23-CV-044-H, 2024 WL 4525526, at *7 (N.D. Tex. May 29, 2024) (quoting *Heller*, 303 F.R.D. at 487) (alterations in original).

In this case, Teleperformance's "general objections" and "without waiver" language it asserts in the Introductory Statement of its Amended Responses and Objections are not tethered to a specific request. Furthermore, Teleperformance fails to provide support for its general objections or without waiver language or even clarify which requests these objections apply to. Therefore, the Court **OVERRULES** Teleperformance's general and without waiver objections to Plaintiff's Request for Production. Consequently, Plaintiff's Motion to Compel on this issue is **GRANTED**.

4

B.     **Documents in the Possession of the Teleperformance Group**

Plaintiff, in its reply, argues that the "Court also should order Teleperformance to produce documents and account for information in the physical possession of the rest of the Teleperformance Group." (Pl.'s Reply at 2.) In support, Plaintiff states:

> The record shows that the group of companies owned by Teleperformance SE (the "Teleperformance Group") holds itself out as an integrated global organization. The Teleperformance Group has one executive committee, one board of directors, and one management committee for the entire organization. Its employees perform services for parents, affiliates, and subsidiaries and therefore have access to all of the group's materials for business needs. Indeed, [Plaintiff's] employment agreement with TPUSA Inc. specifically contemplates that she will be performing services for "the group of companies owned by Teleperformance SE . . . ." Furthermore, TPUSA, Inc. included personnel from Teleperformance Greece, Teleperformance Netherlands, Teleperformance Portugal, and other Teleperformance Group members in its initial disclosures, . . . which shows that TPUSA Inc., can secure information from other group members to meet its business needs.

(Pl.'s Reply at 3-4 (footnotes omitted) (internal citations omitted).)

Rule 34, as relevant here, states that a party may serve on any other party a request to produce documents that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a). Rule 34's definition of possession custody, or control, "also contemplates a party's legal right or practical ability to obtain documents from a non-party to the action." *Villarreal v. First Presidio Bank*, No. EP-15-CV-88-KC, 2017 WL 5505383, at *1 (W.D. Tex. June 9, 2017) (citing *Wallace v. Tesoro Corp.*, No. SA-11-CA-00099-FB, 2016 WL 7971286, at *8 (W.D. Tex. Sept. 26, 2016). "Typically, what must be shown to establish control over documents in the possession of a non-party is that there is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession." *Villarreal*, 2017 WL 5505383, at *1 (internal citation marks and quotations omitted). After reviewing the parties' arguments and the relevant

case law, the Court finds Defendant has the ability to produce the requested documents as contemplated by the language of Rule 34 and for the reasons set forth by Plaintiff in her motion and reply.   Based on the foregoing, all of Teleperformance's objections on this issue are **OVERRULED** and Plaintiff's motion to compel on this request is **GRANTED**.

As set forth above, it is **ORDERED** that Plaintiff's Motion to Compel [doc. 39] is **GRANTED**.

It is further **ORDERED** that Teleperformance shall, **no later than May 15, 2025**, take all reasonable efforts to obtain and produce all responsive documents in its possession, custody, and control.

SIGNED May 2, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE