# Exhibit A

**Krone, Ryan (Ptnr-Hou)**

| | |
|---|---|
| **From:** | vanderwoude.brian@dorsey.com |
| **Sent:** | Wednesday, March 12, 2025 6:16 PM |
| **To:** | Gordon, Eric (Ptnr-WPB); Krone, Ryan (Ptnr-Hou); Weitzel, Robert (Ptnr-Dal) |
| **Cc:** | Wirth.Gabrielle@dorsey.com |
| **Subject:** | Karahogitis/TPUSA - deposition dates |

<mark>**[External to Akerman]**</mark>

Please provide us with dates before the close of the discovery period on which we may depose the following individuals:

- Will Fritcher
- Eric Dupuy
- Joao Cardoso
- Constantine Hamalelis
- Agustin Grisanti
- Daniel Julian

We would also like to schedule a 30(b)(6) deposition on the following topics:

- TPUSA's decision to terminate Plaintiff's employment;
- All TPUSA or other Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Plaintiff's employment;
- The identities of the individuals who assumed any duties performed by Plaintiff as of her termination including but not limited to the management of the teams managed by her;
- Teleperformance's decision to terminate Fannie Decla's employment;
- All Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Ms. Decla's employment
- The identities of the individuals who assumed any duties performed by Ms. Decla as of her termination including but not limited to the management of the teams managed her;
- All pay, stock or renumeration, or other consideration given to Ms. Decla after her termination, including but not limited to in connection with any settlement agreement;
- Teleperformance's decision to terminate Janine Woelki's employment;
- All Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Ms. Woelki's employment;
- The identities of the individuals who assumed any duties performed by Ms. Woelki as of her termination including but not limited to the management of the client relationships assigned to her;
- All pay, stock or renumeration, or other consideration given to Ms. Woelki after her termination, including but not limited to in connection with any settlement agreement;
- Any demands or complaints made by Janine Woelki in connection with her termination;
- The response of Teleperformance Group, TPUSA or any affiliated related or subsidiary company to any such demands or complaints made by Janine Woelki;
- Teleperformance's decision to terminate Marieke Smidt's employment;
- All Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Ms. Smidt's employment;
- The identities of the individuals who assumed any duties performed by Ms. Smidt as of her termination including but not limited to the management of the client relationships assigned to her;
- All pay, stock or renumeration, or other consideration given to Ms. Smidt after her termination, including but not limited to in connection with any settlement agreement;

**APP 002**

- Teleperformance's decision to terminate Marieke Smidt's employment;
- All Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Ms. Smidt's employment;
- The identities of the individuals who assumed any duties performed by Ms. Smidt as of her termination including but not limited to the management of the teams managed by her;
- All pay, stock or renumeration, or other consideration given to Ms. Smidt after her termination, including but not limited to in connection with any settlement agreement;
- Teleperformance's decision to terminate Linda Perrsson's employment;
- All Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Ms. Perrsson's employment
- The identities of the individuals who assumed any duties performed by Ms. Perrsson as of her termination including but not limited to the management of the teams managed by her;
- All pay, stock or renumeration, or other consideration given to Ms. Perrsson after her termination, including but not limited to in connection with any settlement agreement;
- Teleperformance's decision to terminate Gamina Gupta's employment;
- All Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Ms. Gupta's employment;
- The identities of the individuals who assumed any duties performed by Ms. Gupta as of her termination including but not limited to the management of the teams managed by her;
- All pay, stock or renumeration, or other consideration given to Ms. Gupta after her termination, including but not limited to in connection with any settlement agreement;
- The information systems jointly used by TPUSA and the Teleperformance Group and any of their subsidiary, affiliated, or related companies, including but not limited to Sales Force, DocuSign, Xactly, Microsoft Dynamics and/or any other invoice processing for financial tracking including commission calculations;
- The bonus, severance, equity vesting, and any other compensation or renumeration paid to Norbert Szymkowiak after he was given notice of termination; and
- The bonus, severance, equity vesting, and any other compensation or renumeration paid to Yannis Tourcomanis after he was given notice of termination; and
- The bonus, severance, equity vesting, and any other compensation or renumeration paid to Bhupander Singh after he was given notice of termination.

Please let us know who TPUSA designates and his, her, or their availability between now and the close of the discovery period.

Brian

J. Brian Vanderwoude

## DORSEY
### DORSEY ▪ WHITNEY LLP

DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM :: DALLAS :: BIO :: V-CARD

APP 003

# Exhibit B



Eric A. Gordon

Akerman LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL  33401

D: 561 671 3651
T: 561 653 5000
F: 561 659 6313
eric.gordon@akerman.com

March 19, 2025

**VIA E-MAIL (vanderwoude.brian@dorsey.com)**

J. Brian Vanderwoude
Dorsey & Whitney LLP
200 Crescent Court
Suite 1600
Dallas, TX  75201

       **Re:**    **Athina Karahogitis v. TPUSA, Inc.**
                 **Civil Action No. 4:24-cv-00706**
                 **Witness Depositions**

Dear Brian:

We write in response to your March 12, 2025 email requesting six individual depositions and a 30(b)(6) deposition of TPUSA's corporate representative(s). As an initial matter, your delayed request for seven additional depositions, made with only 30 days remaining in discovery, raises serious concerns regarding feasibility and fairness. Your continued delays and unresponsiveness have already impeded the efficient progress of this case, and this late request only exacerbates those issues. The cumulative effect of your delayed requests, non-responsiveness, and now this excessive and untimely demand for depositions suggests an intent to harass rather than to engage in good-faith discovery. We have addressed each of your requests below, but I want to make clear that we will not acquiesce to requests that appear designed to harass rather than obtain legitimate discovery.

**Will Fritcher**

As you are likely aware, Mr. Fritcher maintains an extremely demanding travel schedule, leaving little availability to accommodate your request at this late stage in discovery. Nevertheless, we are working to find a date for Mr. Fritcher's deposition and will provide the same as soon as we have a workable date.

J. Brian Vanderwoude
March 19, 2025
Page 2
_____

### Eric Dupuy, Joao Cardoso and Constantine Hamalelis

These three individuals are not employed by or subject to the control of TPUSA, and accordingly, we are unable to present them for deposition. Plaintiff must subpoena them if their testimony is sought.

### Agustin Grisanti and Daniel Julien

These two deposition requests of extremely high-level executives exemplify Plaintiff's harassing discovery tactics. Neither individual has any unique personal knowledge of the facts or issues in this case, rendering the requests unjustified and burdensome. There is no basis to suggest that these individuals directly supervised Plaintiff or participated in any of the decisions at issue. Courts in the Northern District of Texas require that less-intrusive discovery methods be exhausted before allowing the deposition of high-level executives. This means that lower-ranking employees with superior knowledge should be deposed first, and only if their depositions do not suffice, should the deposition of the apex executive be considered. *See, e.g., Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-MC-36-D-BN, 2015 WL 3539658, at *3 (N.D. Tex. June 5, 2015) (explaining that the "United States Court of Appeals for the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking such a deposition, by way of deposing lesser-ranking employees"). TPUSA does not agree to produce Mr. Grisanti or Mr. Julien for deposition.

### TPUSA Corporate Representative Deposition

The majority of Plaintiff's proposed 30(b)(6) deposition topics contemplate information about individuals who were not TPUSA employees and include information not in TPUSA's possession or knowledge. In addition, the majority of the topics listed are irrelevant to the claims in this case and otherwise not proper for a 30(b)(6) deposition, further justifying their exclusion from the 30(b)(6) deposition. Moreover, given the breadth or your proposed 30(b)(6) deposition topics/persons, multiple depositions would surely be required because it is highly unlikely any one person could speak to all of the matters identified. Accordingly, only request numbers 1, 2, 3 and 30 are appropriate for 30(b)(6) testimony. Please confirm you will withdraw the remaining requests.

Our client will not tolerate these bad-faith, harassing requests, and we are prepared to take immediate action to prevent any further abuse of the discovery process. Should you have any questions or wish to discuss, please let us know.

**AKERMAN LLP**

Eric A. Gordon
For the Firm

cc:     Ryan Krone, Esq.
        Client

# Exhibit C

**Krone, Ryan (Ptnr-Hou)**

| | |
|---|---|
| **From:** | Krone, Ryan (Ptnr-Hou) |
| **Sent:** | Friday, April 4, 2025 3:02 PM |
| **To:** | 'vanderwoude.brian@dorsey.com'; wirth.gabrielle@dorsey.com |
| **Cc:** | Gordon, Eric (Ptnr-WPB); Putnam, Danielle (LAA-WPB); Moncayo, Neila (LAA-Hou); 'Massure.Rayson.Kim@dorsey.com' |
| **Subject:** | Karahogitis v. TPUSA - Meet and Confer Summary |

Brian,

I wanted to summarize our call today to make sure we are on the same page regarding what we discussed and what TPUSA agreed to provide. If any of the below is incorrect or you have any issues with what we have committed to provide, please let us know.

- TPUSA will amend its RFP responses to remove the "subject to and without waiving" language to provide clarity if TPUSA is withholding any documents. We will provide the amended responses to you by the end of next week.

- As we discussed, your motion to compel was the first time we have heard about your request for a privilege log. We will provide a privilege log to you by the end of next week.

- As we discussed, TPUSA does not have control over Eric Dupuy, Joao Cardoso and Constantine Hamalelis, and TPUSA cannot compel them to give a deposition. However, we will make a good faith effort to coordinate their depositions. We will follow up with you next week to confirm if we have been able to contact them.

- You understand why we are objecting to Daniel Julien, and you are not seeking to depose him at this time. Also, as we confirmed today, TPUSA's Initial Disclosures have been amended, and we do not plan to call Augustin Grisanti at trial. You will speak to your client, but at this time, you understand why we are objecting to Mr. Grisanti's deposition. If you plan to continue to push to depose Mr. Grisanti, you will confer with us first before seeking court intervention.

- Regarding the corporate representative deposition, as we discussed, you are seeking information about individuals that are not TPUSA employees, and information that is not in TPUSA's possession, custody or control. Additionally, as we conveyed to you, these individuals that were employed by different entities, in different countries, under different laws, and under different agreements than Ms. Karahogitis are not comparators and were not similarly situated to Ms. Karahogitis. We encouraged you to share any case law reflecting that those individuals are comparators and/or that their circumstances are relevant to your client's claims in this case.

- Specific RFP Responses:

  o <u>RFP 3</u> – TPUSA's amended responses will confirm if TPUSA is withholding any documents.

  o <u>RFP 5</u> – As we discussed, we believe we have already produced all performance evaluations in TPUSA's possession, custody or control. We will check one more time and confirm we are not withholding any documents.

  o <u>RFP 6</u> – We will confirm if TPUSA is withholding any documents.

**APP 008**

- o <u>RFP 10</u> – We will confirm again that we have produced TPUSA's policies related to discrimination.

- o <u>RFP 12</u> – We will confirm we have no responsive documents. As we discussed, no one is currently holding Plaintiff's former position.

- o <u>RFP 13</u> – As discussed, we believe we have produced responsive documents, but we will confirm.

- o <u>RFP 14</u> – We will provide pay information for Gustavo Mir Gonzalez and Will Fritcher for the year 2023. We also asked you to confirm if you are looking for anything else, and you stated that should be sufficient for now.

- o <u>RFP 15</u> – As we discussed, no one is currently holding Plaintiff's former position.

- o <u>RFP 16</u> – We will confirm if we have any additional responsive documents and clarify TPUSA's response to confirm same.

- o <u>RFP 17</u> – You clarified that you were looking for general "severance plans" that apply to management-level or higher employees. We will amend our response to confirm if TPUSA has a general severance plan, and remove the privacy objection since you are not referencing specific employees.

- o <u>RFP 18</u> – As we discussed, we believe we have already produced responsive documents and will amend our response to confirm same.

- o <u>RFP 19</u> – As we discussed, we have already produced the Top 100 Under 45 list.

- o <u>RFP 21</u> – We will review and amend if necessary.

- o <u>RFP 22 & 23</u> – As we discussed, we do not know what documents Plaintiff is looking for. We are not aware of any commissions that remain unpaid. We asked you to speak to your client, and provide additional details to help facilitate a search for what Plaintiff is looking for. Based on our current understanding of the request, we do not believe we have any responsive documents.

Lastly, we discussed you sending all of your available dates in May for depositions that need to be scheduled. Please send those to us and we will work on dates for Mr. Fritcher and Ms. Collard. Again, if there is anything you do not agree with, or if there is something else related to the above issues that you are looking for, please let us know. We believe it is important to work in good faith to confer on these issues before seeking court intervention, and that was not done prior to filing Plaintiff's Motion to Compel.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
<u>ryan.krone@akerman.com</u>

**APP 009**

# Exhibit D

**Krone, Ryan (Ptnr-Hou)**

| | |
|---|---|
| **From:** | vanderwoude.brian@dorsey.com |
| **Sent:** | Monday, June 9, 2025 8:37 PM |
| **To:** | Krone, Ryan (Ptnr-Hou) |
| **Cc:** | Gordon, Eric (Ptnr-WPB); Moncayo, Neila (LAA-Hou); Putnam, Danielle (LAA-WPB); Coughlin, Megan (Assoc-WPB); Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com |
| **Subject:** | Re: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard |

<mark>**[External to Akerman]**</mark>

We're available June 26.

Brian

**J. Brian Vanderwoude**
DORSEY & WHITNEY LLP
200 Crescent Court, Suite 1600 | Dallas, TX 75201
P: 214.981.9953   F: 214.853.5095   C: 214.673.0050

> On Jun 9, 2025, at 10:17 AM, ryan.krone@akerman.com wrote:

> EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

> <u>The witness for topic 4 below is available June 25 or June 26.</u>  Please let us know by the end of the day tomorrow or we will need to release those dates.

> Ryan

> **Ryan Krone**
> Partner
> Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
> D: 713 871 6836
> <u>ryan.krone@akerman.com</u>

> **From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
> **Sent:** Friday, June 6, 2025 12:30 PM
> **To:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>
> **Cc:** Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>; Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
> **Subject:** Re: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

<mark>**[External to Akerman]**</mark>

APP 011

Virtual is fine.

**J. Brian Vanderwoude**
DORSEY & WHITNEY LLP
200 Crescent Court, Suite 1600 | Dallas, TX 75201
P: 214.981.9953   F: 214.853.5095   C: 214.673.0050

On Jun 5, 2025, at 11:34 AM, ryan.krone@akerman.com wrote:

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

We have identified the individual for topic 4 below.  She is located in Salt Lake City.  Please confirm by <u>tomorrow at noon</u> if you plan to take that portion of the deposition in person or virtually, and then we can provide her availability.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** Krone, Ryan (Ptnr-Hou)
**Sent:** Wednesday, May 21, 2025 7:36 AM
**To:** 'vanderwoude.brian@dorsey.com' <vanderwoude.brian@dorsey.com>; Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>
**Cc:** 'Wirth.Gabrielle@dorsey.com' <Wirth.Gabrielle@dorsey.com>; 'Massure.Rayson.Kim@dorsey.com' <Massure.Rayson.Kim@dorsey.com>
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

Brian,

We believe topics 1-3 below are not suitable for a Rule 30(b)(6) deposition, as they seek factual information that is more appropriately addressed by individual fact witnesses.  Nevertheless, <u>TPUSA will designate Miranda Collard to testify on these three topics.</u>  Her only availability is the same day as her individual deposition.  Please confirm you will take both her individual deposition and her corporate rep. deposition (for topics 1-3 below) on June 13, 2025.

For topic 4 below, we believe this may take numerous individuals from TPUSA, so we are still working on identifying the appropriate individuals to designate.  Can you confirm if you will take the depositions related to topic 4 in person where each person is located,

or do you plan to take virtually?  Once we have this information, that will help us with dates.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** Krone, Ryan (Ptnr-Hou)
**Sent:** Wednesday, May 14, 2025 1:20 PM
**To:** 'vanderwoude.brian@dorsey.com' <vanderwoude.brian@dorsey.com>; Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>
**Cc:** Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

Brian,

We have reached out to Eric Dupuy, Joao Cardoso and Constantine Hamalelis regarding Plaintiff's request to take their depositions.  Each individual has declined to voluntarily participate in a deposition.  Because they are not TPUSA employees and are not subject to TPUSA's control, we cannot compel them to give a deposition.  Please let us know if you have any questions or would like to discuss.

Regarding the corporate rep deposition, we will confer with our client and provide available dates for TPUSA's corporate rep(s) to testify on the four topics we previously identified that we agree to:

1.  TPUSA's decision to terminate Plaintiff's employment;
2.  All TPUSA or other Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Plaintiff's employment;
3.  The identities of the individuals who assumed any duties performed by Plaintiff as of her termination including but not limited to the management of the teams managed by her;
4.  The information systems jointly used by TPUSA and the Teleperformance Group and any of their subsidiary, affiliated, or related companies, including but not limited to Sales Force, DocuSign, Xactly, Microsoft Dynamics and/or any other invoice processing for financial tracking including commission calculations

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836

APP 013

ryan.krone@akerman.com

---

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Wednesday, May 14, 2025 12:05 PM
**To:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>; Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>
**Cc:** Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

[External to Akerman]

Please see the attached deposition notices for Ms. Collard and Mr. Fritcher.

Do you have dates for Mr. Dupuy, Mr. Cardoso and Mr. Hamalelis?

Lastly, have you determine who will serve as the corporate rep for the topics we identified and when he/she/them are available?

Brian

**J. Brian Vanderwoude**

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM  ::  DALLAS  ::  BIO  ::  V-CARD

---

**From:** Vanderwoude, Brian
**Sent:** Wednesday, April 30, 2025 10:03 PM
**To:** 'ryan.krone@akerman.com' <ryan.krone@akerman.com>; eric.gordon@akerman.com
**Cc:** neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle <Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim <Massure.Rayson.Kim@dorsey.com>; megan.coughlin@akerman.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

Conducting them by agreement is fine with me. Consider the dates "confirmed." We will prepare and send formal depo notices when I'm done with trial.

**J. Brian Vanderwoude**

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM  ::  DALLAS  ::  BIO  ::  V-CARD

4

APP 014

**From:** ryan.krone@akerman.com <ryan.krone@akerman.com>
**Sent:** Wednesday, April 30, 2025 7:07 AM
**To:** Vanderwoude, Brian <vanderwoude.brian@dorsey.com>;
eric.gordon@akerman.com
**Cc:** neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle
<Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim
<Massure.Rayson.Kim@dorsey.com>; megan.coughlin@akerman.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard


EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

Following up on our emails below.  Please let us know.

Thank you,
Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** Krone, Ryan (Ptnr-Hou)
**Sent:** Wednesday, April 23, 2025 5:18 PM
**To:** 'vanderwoude.brian@dorsey.com' <vanderwoude.brian@dorsey.com>; Gordon, Eric
(Ptnr-WPB) <eric.gordon@akerman.com>
**Cc:** Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-
WPB) <danielle.putnam@akerman.com>; Wirth.Gabrielle@dorsey.com;
Massure.Rayson.Kim@dorsey.com; Coughlin, Megan (Assoc-WPB)
<megan.coughlin@akerman.com>
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard

Our thought was that we would agree to conduct the depositions beyond the
deadline.  If you think we need to seek the Court's consent, please draft a joint motion
we can file this week that asks the Court again to move the discovery deadline so we
can complete the depositions.  If we do not move the dispositive motion deadline, I
don't think that would be an issue.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

APP 015

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Wednesday, April 23, 2025 5:05 PM
**To:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>; Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>
**Cc:** Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

[External to Akerman]

I've been meaning to reach out.  How do you want to address the fact that all of the deposition dates we agreed upon are after the deadline for completion of discovery in the attached order?  The original scheduling order says "The Parties may agree to extend this discovery deadline for <u>good cause</u> and with the appropriate <u>motion</u> and <u>Court's consent</u>." (underlining in original)

**J. Brian Vanderwoude**

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM :: DALLAS :: BIO :: V-CARD

---

**From:** ryan.krone@akerman.com <ryan.krone@akerman.com>
**Sent:** Wednesday, April 23, 2025 2:07 PM
**To:** Vanderwoude, Brian <vanderwoude.brian@dorsey.com>; eric.gordon@akerman.com
**Cc:** neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle <Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim <Massure.Rayson.Kim@dorsey.com>; megan.coughlin@akerman.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

We still have not received deposition notices from you for Ms. Collard's deposition or Mr. Fritcher's deposition.  Can you please send the notices?  Ms. Collard's deposition will need to start at 9:30 am.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

APP 016

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Wednesday, April 9, 2025 10:50 PM
**To:** Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>
**Cc:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

**[External to Akerman]**

We will make those dates work. This will require extending the discovery deadline and dispositive motion deadline further, however.

J. Brian Vanderwoude

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM :: DALLAS :: BIO :: V-CARD

**From:** eric.gordon@akerman.com <eric.gordon@akerman.com>
**Sent:** Wednesday, April 9, 2025 4:25 PM
**To:** Vanderwoude, Brian <vanderwoude.brian@dorsey.com>
**Cc:** ryan.krone@akerman.com; neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle <Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim <Massure.Rayson.Kim@dorsey.com>
**Subject:** Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

Thank you for confirming the continued deposition of Athina Karahogitis for Tuesday, May 20. We served the notice earlier today.

As for the depositions of Will Fritcher and Miranda Collard, they were not available the week of May 26 as requested. But they are available two weeks later on the following dates: Thursday, June 12 (Will) and Friday, June 13 (Miranda). Please confirm as soon as possible (and no later than COB on Friday, April 11) if those dates work for you and we will lock them in. After Friday night I cannot confirm these dates will still be available.

Best,
Eric

APP 017

7

**Eric A. Gordon**
Partner
Chair, Labor and Employment Practice Group
Akerman LLP | 777 South Flagler Drive, Suite 1100 West Tower | West Palm Beach, FL 33401
D: 561 671 3651 | C: 561 702 8180
eric.gordon@akerman.com

vCard | Profile | Blog | Podcast

<image002.jpg>

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

8

# Exhibit E

**Krone, Ryan (Ptnr-Hou)**

| | |
|---|---|
| **From:** | vanderwoude.brian@dorsey.com |
| **Sent:** | Wednesday, June 25, 2025 10:24 PM |
| **To:** | Krone, Ryan (Ptnr-Hou) |
| **Cc:** | Gordon, Eric (Ptnr-WPB); Moncayo, Neila (LAA-Hou); Putnam, Danielle (LAA-WPB); Coughlin, Megan (Assoc-WPB); Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com |
| **Subject:** | Re: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard |

**[External to Akerman]**

It probably goes without saying, but we do not intend to proceed with any deposition tomorrow. We never received the person's name or location and, in any event, based on the depositions taken earlier this week, we will be moving to reopen discovery and compel.

Brian

**J. Brian Vanderwoude**
DORSEY & WHITNEY LLP
200 Crescent Court, Suite 1600 | Dallas, TX 75201
P: 214.981.9953    F: 214.853.5095    C: 214.673.0050

On Jun 9, 2025, at 10:17 AM, ryan.krone@akerman.com wrote:

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

The witness for topic 4 below is available June 25 or June 26.  Please let us know by the end of the day tomorrow or we will need to release those dates.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Friday, June 6, 2025 12:30 PM
**To:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>
**Cc:** Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>; Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** Re: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

APP 020

**[External to Akerman]**

Virtual is fine.

**J. Brian Vanderwoude**
DORSEY & WHITNEY LLP
200 Crescent Court, Suite 1600 | Dallas, TX 75201
P: 214.981.9953    F: 214.853.5095    C: 214.673.0050

On Jun 5, 2025, at 11:34 AM, ryan.krone@akerman.com wrote:

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

We have identified the individual for topic 4 below.  She is located in Salt Lake City.  Please confirm by <u>tomorrow at noon</u> if you plan to take that portion of the deposition in person or virtually, and then we can provide her availability.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** Krone, Ryan (Ptnr-Hou)
**Sent:** Wednesday, May 21, 2025 7:36 AM
**To:** 'vanderwoude.brian@dorsey.com' <vanderwoude.brian@dorsey.com>; Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>
**Cc:** 'Wirth.Gabrielle@dorsey.com' <Wirth.Gabrielle@dorsey.com>; 'Massure.Rayson.Kim@dorsey.com' <Massure.Rayson.Kim@dorsey.com>
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

Brian,

We believe topics 1-3 below are not suitable for a Rule 30(b)(6) deposition, as they seek factual information that is more appropriately addressed by individual fact witnesses.  Nevertheless, TPUSA will designate Miranda Collard to testify on these three topics.  Her only availability is the same day as her individual deposition.  Please confirm you will take both her individual deposition and her corporate rep. deposition (for topics 1-3 below) on June 13, 2025.

APP 021

For topic 4 below, we believe this may take numerous individuals from TPUSA, so we are still working on identifying the appropriate individuals to designate.  Can you confirm if you will take the depositions related to topic 4 in person where each person is located, or do you plan to take virtually?  Once we have this information, that will help us with dates.

Ryan

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** Krone, Ryan (Ptnr-Hou)
**Sent:** Wednesday, May 14, 2025 1:20 PM
**To:** 'vanderwoude.brian@dorsey.com' <vanderwoude.brian@dorsey.com>; Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB) <megan.coughlin@akerman.com>
**Cc:** Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

Brian,

We have reached out to Eric Dupuy, Joao Cardoso and Constantine Hamalelis regarding Plaintiff's request to take their depositions.  Each individual has declined to voluntarily participate in a deposition.  Because they are not TPUSA employees and are not subject to TPUSA's control, we cannot compel them to give a deposition.  Please let us know if you have any questions or would like to discuss.

Regarding the corporate rep deposition, we will confer with our client and provide available dates for TPUSA's corporate rep(s) to testify on the four topics we previously identified that we agree to:

1. TPUSA's decision to terminate Plaintiff's employment;
2. All TPUSA or other Teleperformance Group employees who were consulted informed of or had any input in the decision to terminate Plaintiff's employment;
3. The identities of the individuals who assumed any duties performed by Plaintiff as of her termination including but not limited to the management of the teams managed by her;
4. The information systems jointly used by TPUSA and the Teleperformance Group and any of their subsidiary, affiliated, or related companies, including but not limited to Sales Force, DocuSign, Xactly, Microsoft Dynamics and/or any other invoice processing for financial tracking including commission calculations

Ryan

3

APP 022

**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Wednesday, May 14, 2025 12:05 PM
**To:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>; Gordon, Eric (Ptnr-WPB)
<eric.gordon@akerman.com>; Moncayo, Neila (LAA-Hou)
<neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB)
<danielle.putnam@akerman.com>; Coughlin, Megan (Assoc-WPB)
<megan.coughlin@akerman.com>
**Cc:** Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard

**[External to Akerman]**

Please see the attached deposition notices for Ms. Collard and Mr. Fritcher.

Do you have dates for Mr. Dupuy, Mr. Cardoso and Mr. Hamalelis?

Lastly, have you determine who will serve as the corporate rep for the topics we
identified and when he/she/them are available?

Brian

**J. Brian Vanderwoude**

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM :: DALLAS :: BIO :: V-CARD

**From:** Vanderwoude, Brian
**Sent:** Wednesday, April 30, 2025 10:03 PM
**To:** 'ryan.krone@akerman.com' <ryan.krone@akerman.com>;
eric.gordon@akerman.com
**Cc:** neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle
<Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim
<Massure.Rayson.Kim@dorsey.com>; megan.coughlin@akerman.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard

Conducting them by agreement is fine with me.  Consider the dates
"confirmed."  We will prepare and send formal depo notices when I'm done with
trial.

**J. Brian Vanderwoude**

<image001.png>

APP 023

4

DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM  ::  DALLAS  ::  BIO  ::  V-CARD

---

**From:** ryan.krone@akerman.com <ryan.krone@akerman.com>
**Sent:** Wednesday, April 30, 2025 7:07 AM
**To:** Vanderwoude, Brian <vanderwoude.brian@dorsey.com>;
eric.gordon@akerman.com
**Cc:** neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle
<Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim
<Massure.Rayson.Kim@dorsey.com>; megan.coughlin@akerman.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard


EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

Following up on our emails below. Please let us know.

Thank you,
Ryan


**Ryan Krone**
Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** Krone, Ryan (Ptnr-Hou)
**Sent:** Wednesday, April 23, 2025 5:18 PM
**To:** 'vanderwoude.brian@dorsey.com' <vanderwoude.brian@dorsey.com>; Gordon, Eric
(Ptnr-WPB) <eric.gordon@akerman.com>
**Cc:** Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-
WPB) <danielle.putnam@akerman.com>; Wirth.Gabrielle@dorsey.com;
Massure.Rayson.Kim@dorsey.com; Coughlin, Megan (Assoc-WPB)
<megan.coughlin@akerman.com>
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard


Our thought was that we would agree to conduct the depositions beyond the
deadline. If you think we need to seek the Court's consent, please draft a joint motion
we can file this week that asks the Court again to move the discovery deadline so we
can complete the depositions. If we do not move the dispositive motion deadline, I
don't think that would be an issue.


Ryan


**Ryan Krone**
Partner

APP 024

Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Wednesday, April 23, 2025 5:05 PM
**To:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>; Gordon, Eric (Ptnr-WPB)
<eric.gordon@akerman.com>
**Cc:** Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-
WPB) <danielle.putnam@akerman.com>; Wirth.Gabrielle@dorsey.com;
Massure.Rayson.Kim@dorsey.com; Coughlin, Megan (Assoc-WPB)
<megan.coughlin@akerman.com>
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard

**[External to Akerman]**

I've been meaning to reach out.  How do you want to address the fact that all of the
deposition dates we agreed upon are after the deadline for completion of discovery
in the attached order?  The original scheduling order says "The Parties may agree to
extend this discovery deadline for <u>good cause</u> and with the appropriate <u>motion</u> and
<u>Court's consent</u>." (underlining in original)

**J. Brian Vanderwoude**

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM :: DALLAS :: BIO :: V-CARD

---

**From:** ryan.krone@akerman.com <ryan.krone@akerman.com>
**Sent:** Wednesday, April 23, 2025 2:07 PM
**To:** Vanderwoude, Brian <vanderwoude.brian@dorsey.com>;
eric.gordon@akerman.com
**Cc:** neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle
<Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim
<Massure.Rayson.Kim@dorsey.com>; megan.coughlin@akerman.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will
Fritcher and Miranda Collard

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

We still have not received deposition notices from you for Ms. Collard's deposition or
Mr. Fritcher's deposition.  Can you please send the notices?  Ms. Collard's deposition
will need to start at 9:30 am.

Ryan

**Ryan Krone**

APP 025

Partner
Akerman LLP | 1300 Post Oak Boulevard, Suite 2300 | Houston, TX 77056
D: 713 871 6836
ryan.krone@akerman.com

---

**From:** vanderwoude.brian@dorsey.com <vanderwoude.brian@dorsey.com>
**Sent:** Wednesday, April 9, 2025 10:50 PM
**To:** Gordon, Eric (Ptnr-WPB) <eric.gordon@akerman.com>
**Cc:** Krone, Ryan (Ptnr-Hou) <ryan.krone@akerman.com>; Moncayo, Neila (LAA-Hou) <neila.moncayo@akerman.com>; Putnam, Danielle (LAA-WPB) <danielle.putnam@akerman.com>; Wirth.Gabrielle@dorsey.com; Massure.Rayson.Kim@dorsey.com
**Subject:** RE: Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

[External to Akerman]

We will make those dates work. This will require extending the discovery deadline and dispositive motion deadline further, however.

J. Brian Vanderwoude

<image001.png>
DORSEY & WHITNEY LLP
200 Crescent Ct, Suite 1600 | Dallas, TX 75201
P: (214) 981-9953 | F: (214) 981-9901 | C: (214) 673-0050
WWW.DORSEY.COM :: DALLAS :: BIO :: V-CARD

---

**From:** eric.gordon@akerman.com <eric.gordon@akerman.com>
**Sent:** Wednesday, April 9, 2025 4:25 PM
**To:** Vanderwoude, Brian <vanderwoude.brian@dorsey.com>
**Cc:** ryan.krone@akerman.com; neila.moncayo@akerman.com; danielle.putnam@akerman.com; Wirth, Gabrielle <Wirth.Gabrielle@dorsey.com>; Massure-Rayson, Kim <Massure.Rayson.Kim@dorsey.com>
**Subject:** Athina Karahogitis v. TPUSA, Inc.: Depositions of Athina Karahogitis, Will Fritcher and Miranda Collard

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Brian,

Thank you for confirming the continued deposition of Athina Karahogitis for Tuesday, May 20. We served the notice earlier today.

As for the depositions of Will Fritcher and Miranda Collard, they were not available the week of May 26 as requested. But they are available two weeks later on the following dates: Thursday, June 12 (Will) and Friday, June 13 (Miranda). Please confirm as soon as possible (and no later than COB on Friday, April 11) if those dates work for you and we will lock them in. After Friday night I cannot confirm these dates will still be available.

APP 026

Best,
Eric

**Eric A. Gordon**
Partner
Chair, Labor and Employment Practice Group
Akerman LLP | 777 South Flagler Drive, Suite 1100 West Tower | West Palm Beach, FL 33401
D: 561 671 3651 | C: 561 702 8180
eric.gordon@akerman.com

vCard | Profile | Blog | Podcast

<image002.jpg>

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

APP 027

# Exhibit "F"

1         IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF TEXAS

3           FORT WORTH DIVISION

4            ---oooOooo---

5  Athina Karahogitis        )
                         )
6                         ) Case No. 4:24-cv-00706
           vs.         )
7                         )
                         )
8  TPUSA, Inc. D/b/a       ) Deposition of:
  Teleperformance USA and Does )
9  1-20                   ) **MIRANDA LEIGH COLLARD**
  _____)

10

11

12        The videotaped deposition of **MIRANDA LEIGH**

13  **COLLARD**, a witness in the above-entitled cause, taken

14  at the instance of the Plaintiff, at the law offices

15  of Dorsey & Whitney, LLP, 111 South Main Street,

16  Suite 2100, Salt Lake City, Utah 84111, on Friday,

17  June 13, 2025, at the hour of 9:32 a.m. to 6:37 p.m.,

18  was reported and transcribed by Rachel R. Crossett,

19  Registered Professional Reporter and Notary Public,

20  in and for the State of Utah.

21

22             ---oooOooo---

23

24

25

1    Q.    You didn't see any e-mails on the subject?

2    A.    I did not.

3    Q.    Are you at all familiar with epilepsy.

4    A.    I am not.

12:26:26    5    Q.    Are you aware it's a neurological disease?

6    A.    I guess.  I could assume, yes.

7          MR. GORDON:  Don't assume.

8          THE WITNESS:  No.  I don't know.

9    Q.    BY MS. WIRTH:  So you wouldn't have any

12:26:41   10   idea what accommodations might be appropriate for

11   someone with epilepsy?

12   A.    No, I would not.

13   Q.    Is it possible that Athina told you of her

14   treatment or her diagnosis and you've forgotten?

12:27:00   15   A.    I don't believe so.

16   Q.    And no one outside of HR knew that you

17   were contemplating Athina before she was actually

18   terminated?

19          Sorry, I think I said that wrong.

12:27:31   20          No one outside of HR knew that you were

21   contemplating terminating Athina before you actually

22   terminated her?

23   A.    Correct -- and legal.  Sorry.  Legal, yes.

24   Q.    On 11-13, you were communicating with Mr.

12:28:18   25   Cardoso about Athina in the anticipation of

1    Q.    Do you know who Marieke Smidt is?

2    A.    I don't.

3    Q.    How about Garima (phonetic)?

4    A.    I do not.

16:27:14    5    Q.    You don't know her?

6    A.    I don't.

7    Q.    Did anyone from the EMEA team talk to you

8    about the fact that there had been complaints about

9    Augusto -- I'm sorry, Yannis placing his hands on

16:27:27    10    anyone's body parts at the Barcelona meeting?

11    A.    I wasn't at a Barcelona meeting.  So, no.

12    Q.    I know you weren't present.  I'm asking if

13    anybody from the EMEA --

14    A.    Oh, I see what you're saying.

16:27:38    15    Q.    -- meeting talked to you about?

16    A.    No, no.  They did not.

17    Q.    And that would have been about the time

18    that the TikTok stock dropped.

19          Does that ring a bell?

16:27:48    20    A.    No.  Tik -- no.

21    Q.    David Minkus complained about the

22    existence of a Top 100 under 45 group, didn't he?

23          MR. GORDON:  Objection, form, no

24    foundation.

16:28:01    25          THE WITNESS:  Not that I know of.

```
 1                    REPORTER'S CERTIFICATE

 2   STATE OF UTAH           )
                             ) ss
 3   COUNTY OF UTAH          )

 4         I, Rachel R. Crossett, Registered

 5   Professional Reporter and Notary Public, Utah County,

 6   State of Utah, do hereby certify:

 7         That the taking of the videotaped

 8   deposition of the witness, MIRANDA LEIGH COLLARD,

 9   commencing on Friday, June 13, 2025, at the hour of

10   9:32 a.m. to 6:37 p.m. was video and audio recorded

11   and taken down in shorthand notes.

12         That thereafter said shorthand notes were

13   transcribed into typewriting and that the typewritten

14   transcript of said deposition is a complete, true and

15   accurate transcription of said shorthand notes taken

16   down at said time.

17         I further certify that I am not a relative

18   or employee of any attorney or party involved in said

19   action, nor a person financially interested in the

20   action.

21         IN WITNESS WHEREOF, I have hereunto set my

22   hand in my office this 24th day of June, 2025, in the

23   County of Washington, State of Utah.

24                     _____

25                     Rachel R. Crossett, RPR, CSR
```

# Exhibit "G"

7:58



**Athina Karagogiti**
last seen yesterday at 11:32PM

I appreciate it thank you so much
9:33 AM

I am financially destroyed... mortgage, tuition etc and was counting on bonus and my pending commissions etc which they still owe me. I will lose my property... I built a house here... Yanni is stuck in the immigration process.
It's crazy, I wish you could help me and really appreciate you.
9:35 AM

I just need them to give me what's pending and we move on... but I can't speak to them. Their attorney just wants to bill hours. Maybe I will just send an email to DJ
9:36 AM

I hope the company has done humanity left in it... I believed so much in the company it hurts more seeing how none of it was true.

CONFIDENTIAL INFORMATION



APP 034

TPUSA0000376

7:58

**Athina Karagogiti**
last seen yesterday at 11:32 PM

Yes it is ... that hurts most

9:37 AM

Honestly, I'm at a loss for words, so the company is saying that I canceled my own ticket and that I need to go directly to the airline. The airline says that TP canceled my ticket this morning through Egencia. I have an email from them confirming this and I also called them and asked them and they confirmed again. I am stranded at the airport...

Edited 2:45 PM

No response from Amber

2:46 PM

So much for a people company.

2:46 PM

I just wanted you to know, thank you for offering to help and for hearing me out.

2:47 PM

CONFIDENTIAL INFORMATION

APP 035

TPUSA0000378



So much for a people company.    2:46 PM

I just wanted you to know, thank you for offering to help and for hearing me out.    2:47 PM

**Fri, May 24**

Hey how are you?    9:14 AM

Athina. All good. How are you?    9:21 AM ✓✓

Good how are you?    9:31 AM

I saw you with Antonio and Jason.    9:34 AM ✓✓

Glad you connected with them    9:34 AM ✓✓

Yes it was nice of them. Great to see them.:)    9:35 AM

CONFIDENTIAL INFORMATION

APP 036

TPUSA0000377

# Exhibit "H"

| Communication Owner | Team Member Name | Total 2023 Net Sales | Months Eligible | Amount Offered (Potential) | 2023 Eligible Amount | Approved Payout |
|---|---|---|---|---|---|---|
| Miranda | Dan Kramer | | 12 | | | |
| Miranda | Mamta Rodrigues | | 12 | | | |
| Miranda | Rahul Jolly | | 12 | | | |
| Miranda | William Fritcher | | 12 | | | |

CONFIDENTIAL INFORMATION

# Exhibit "I"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| Athina Karahogitis, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-00706** |
| TPUSA, Inc. d/b/a Teleperformance USA, | § | |
| DOES 1-20, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## AFFIDAVIT OF MIRANDA COLLARD IN SUPPORT OF
## DEFENDANT TPUSA, INC.'S MOTION FOR SUMMARY JUDGMENT

STATE OF  TEXAS              )
                            )
COUNTY OF  DALLAS           )

BEFORE ME, the undersigned authority, on this day personally appeared Miranda Collard, who after being first duly sworn deposes and says:

1.     I am over the age of eighteen and am fully competent to testify as to the matters set forth in this Affidavit, which are true and correct based upon my own personal knowledge or information obtained from the corporate records of Defendant, TPUSA, Inc. ("TPUSA").

2.     This Affidavit is filed in support of TPUSA's Motion for Summary Judgment.

3.     I am employed by TPUSA in Salt Lake City, Utah, and am providing this Affidavit in my capacity as its Global Chief Client Officer.  I currently serve as the Chair of TP Women, a Teleperformance global initiative which seeks to address the challenges faced by women in the workplace.

4.     Plaintiff, Athina Karahogitis ("Plaintiff"), was employed by TPUSA as a Global Deputy Chief Client Officer ("GDCCO"). In this role, Plaintiff reported directly to me. I made the

1

decisions to hire Plaintiff, eliminate Plaintiff's position of GDCCO, and to terminate Plaintiff's employment with TPUSA.

5.      The GDCCO position was created by Teleperformance to support its Vertical Chief Client Officers ("VCCOs") in certain regional areas. The VCCOs in 2023 were Mamta Rodrigues, Dan Kramer, Linda Comp-Noto, Will Fritcher, and Rahul Jolly.

6.      Plaintiff had issues reaching her commitment numbers, materially misrepresented to executive leadership her attainment of goals, and she was generally below expectations regarding communication and attendance.

7.      In late April 2023, I met with Plaintiff to discuss her performance issues and ways her performance could improve moving forward. Following the meeting, I emailed Plaintiff a summary of what we discussed. However, despite this meeting, and my clear communication to Plaintiff that her performance needed to improve, it did not.

8.      I made the decision to eliminate the GDCCO role.

9.      Prior to the decision to eliminate the GDCCO role, Mr. Mir applied for and obtained a new role as CEO of TP Mexico.  Mr. Mir's application and promotion was entirely independent of and prior to the decision to eliminate the GDCCO position. The clients for which he was responsible as GDCCO were dispersed amongst the verticals.

10.     On September 22, 2023, I had a meeting with Plaintiff to explain that her position was being eliminated, the clients for which she was responsible would be moved to the verticals, and she would need to think about which vertical to join. I was unable to find any vertical leader who would work with Plaintiff given Plaintiff's performance and reliability issues.

11.     Mr. Mir was the only other GDCCO during Plaintiff's employment. Mr. Mir did not have the significant performance issues that Plaintiff had.

12.    Mr. Mir did not receive a bonus for 2023 for his role as a GDCCO because he was only in the position for approximately half of 2023.

13.    Will Fritcher ("Mr. Fritcher"), was paid more than Plaintiff because of his experience and production levels.

**Signature on the following page.**

FURTHER AFFIANT SAYETH NOT.

_____

81793051;1

Miranda Collard

STATE OF  TEXAS            )
                          ) ss:
COUNTY OF DALLAS           )

    This Affidavit was SUBSCRIBED AND SWORN to before me, the undersigned authority, this 17th day of June 2025, by Miranda Collard, who is personally known to me or who has produced _____Utah Drivers License_____ as identification, and who verified, under oath subject to penalty of perjury, that the content of the Affidavit is true and correct and based on personal knowledge and/or review of corporate records.

Notarization performed by means of two-way audio-video communication.
Each signature applied during the session is an electronic signature

CHARLOTTE TURNER
Notary Public
STATE OF TEXAS
NOTARY ID 135173256
My Comm. Exp. 11/18/2028

This notarial act was an online notarization via
OnlineNotary.us

Notary Public, State of  Texas    , Signature
Charlotte Turner
SEAL/STAMP:

4

# Exhibit "J"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **Athina Karahogitis,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-00706** |
| **TPUSA, Inc. d/b/a Teleperformance USA,** | § | |
| **DOES 1-20,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DECLARATION OF LESLIE MILLER

Pursuant to 28 U.S.C § 1746, I, Leslie Miller, hereby declare as follows:

1.     My name is Leslie Miller. I am over the age of eighteen, have never been convicted of a felony or a crime of moral turpitude, and am fully competent to testify as to the matters set forth in this Declaration, which are true and correct based upon my own personal knowledge or information obtained from the corporate records of Defendant, TPUSA, Inc. ("TPUSA").

2.     This Declaration is filed in support of TPUSA's Response in Opposition to Plaintiff's Motion to Compel.

3.     I am employed by TPUSA in Denver, Colorado, and am providing this Declaration in my capacity as its Legal Director.

4.     Teleperformance SE is a multinational company, founded in France in 1978, that provides telemarketing, customer relationship management, debt collection, and communication services.  Teleperformance SE maintains its corporate headquarters and principal place of business in Paris, France.  The Teleperformance family is comprised of multiple distinct entities and subsidiaries located in various countries around the world.

82213990;3

APP 045

5.      TPUSA was incorporated in 1993 and maintains its headquarters and principal place of business in Salt Lake City, Utah.  TPUSA is a subsidiary of Teleperformance SE.

6.      Each Teleperformance entity is separate and distinct with its own leadership, employees, finances, operations, systems, and legal structures.

7.      TPUSA's legal department has no direct access to records, including but not limited to financial, personnel, and payroll records maintained by other Teleperformance entities.

8.      To request a document for an employee of another Teleperformance entity, or to get information from an employee of another Teleperformance entity, TPUSA generally must contact the Regional Chief Legal Officer ("RCLO") of the employing entity. Then the RCLO will coordinate with Human Resources ("HR") for that entity to determine what information can be provided outside of the employing entity.  The employee then either must provide the information to TPUSA himself or herself, or provide authority in writing for that entity to disclose the information.  If the employee does not give the employing entity permission to disclose, then, like any third party, TPUSA must work through the legal process of that country to get any documentation or information.

9.      To gain access to email messages or Microsoft Teams messages from employees of other Teleperformance entities, TPUSA must follow the same process described in the preceding paragraph.

10.     TPUSA cannot force or require another Teleperformance entity to provide documents or information to TPUSA.

11.     TPUSA also cannot force an employee of another Teleperformance entity to submit to a deposition in the United States.  If TPUSA requests an employee of another Teleperformance

82213990;3

entity submit for a deposition, and that individual declines TPUSA's request, TPUSA would have to issue a subpoena to compel that witness to appear.

12.    I am aware that Teleperformance entities in other countries also have certain constraints as to what information can be provided based on different legal systems, which may include data privacy laws, employment regulations, and other legal constraints.

13.    Defendant has thoroughly searched for emails, Microsoft Teams chats, text messages and other documents within the TPUSA systems and from TPUSA employees that are relevant and responsive to Plaintiff's claims.

14.    Defendant checked its records and confirmed that William Fritcher was sent a Litigation Hold related to Plaintiff's claims on May 9, 2024.

15.    On May 5, 2025, I received a copy of ECF 56, Order Granting Plaintiff's Motion to Compel.  I reviewed Magistrate Judge Cureton's Order and immediately began working on complying with same.

16.    I personally contacted Teleperformance EMEA's Chief Legal Officer, Emmanuelle Commenge, to request documents that are responsive to Plaintiff's Request for Production ("Plaintiff's RFP").  Ms. Commenge provided me with the contact information for TP Greece's Chief Human Resources Officer.  Prior to the May 15, 2025 deadline, TP Greece's Chief Human Resources Officer confirmed TP Greece did not have any responsive documents, including performance reviews of Plaintiff.

17.    Aliesha Clark, TPUSA paralegal, and I contacted the Chief Legal Officer of Teleperformance LATAM, Rodrigo Tovar Alvarez, to request documents that are responsive to Plaintiff's RFP related to Gustavo Mir.  I was provided certain responsive documents related to Mr. Mir, which were produced prior to the May 15, 2025 deadline.

82213990;3

18.     I personally contacted Teleperformance Philippines Chief People Officer, Jeffrey Johnson, to request responsive documents to Plaintiff's RFP related to Rahul Jolly. I was provided responsive documents related to Mr. Jolly, which were produced prior to the May 15, 2025 deadline.

19.     I personally contacted the Vice President of Transformation from Teleperformance Netherlands, Matthew Cuthill, to obtain responsive documents related to Plaintiff's breach of contract claims. I was provided certain responsive documents, which were produced prior to the May 15, 2025 deadline.

20.     TPUSA's legal team contacted Eric Dupuy, Joao Cardoso and Constantine Hamalelis regarding Plaintiff's request to take their depositions.  All three individuals declined to voluntarily participate in a deposition.

21.     During the course of this litigation, Defendant has diligently searched for any responsive documents related to the elimination of Plaintiff's position as GDCCO.  Following Miranda Collard's deposition on June 13, 2025, Defendant again diligently searched for documents related to the "cost optimization exercise" referenced in Ms. Collard's deposition.  No responsive documents have been located.

22.     Defendant produced a scorecard spreadsheet during this litigation, bates stamped as TPUSA0000520.  The financial data contained in the scorecard was pulled from Magnitude. Defendant has diligently searched for responsive documents related to the scorecard.  After Ms. Collard's deposition on June 13, 2025, Defendant again searched for responsive documents related to the scorecard.  No additional documents were located.  Defendant also diligently searched for the KSAT results from the time the scorecard was created.  Defendant has not located any responsive documents.

82213990;3

APP 048

23. Fanny Decla has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Decla was employed by Teleperformance EMEA as a Chief Human Resources Officer.

24. Marieke Schmidt has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Schmidt was employed by Teleperformance EMEA as the CEMEA Chief Operations Officer.

25. Linda Persson has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Persson was employed by TP Nordics AB as the Senior Vice President of Business Development, EMEA.

26. Maria Sigacheva has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Sigacheva was employed by Teleperformance SA (Balzac) as its Senior Legal Counsel.

27. Lorraine Day has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Day was employed by Teleperformance UK as its Chief Operating Officer.

28. Garima Gupta has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Gupta was employed by Teleperformance Netherlands as its EMEA Chief Transformation Officer.

29. Corrine Schamber has never been employed by TPUSA. Based on information available to me, my understanding is that Ms. Schamber was employed by SAMAC.

30. Augusto Martinez Reyes has never been employed by TPUSA. Based on information available to me, my understanding is that Mr. Reyes is employed by Teleperformance Portugal as the President of EMEA Multilingual, DACH and Middle East.

31.    Norbert Syzmkowiak has never been employed by TPUSA.  Based on information available to me, my understanding is that Mr. Syzmkowiak was employed by Teleperformance EMEA as the Chief Information Officer.

32.    Yannis Tourcomanis has never been employed by TPUSA.  Based on information available to me, my understanding is that Mr. Tourcomanis was employed by Teleperformance Greece as a Regional President.

33.     Eric Dupuy has never been employed by TPUSA.  Based on information available to me, my understanding is that Mr. Dupuy is employed by Teleperformance SA as its Chief Business Development Officer.

34.    Constantinos Hamalelis has never been employed by TPUSA.  Based on information available to me, my understanding is that Mr. Hamalelis is employed by Teleperformance Greece as its Regional Chief Operations Officer MLH.

35.    Joao Cardoso has never been employed by TPUSA.  Based on information available to me, my understanding is that Mr. Cardoso is employed by Teleperformance Portugal as its Chief Digital and Innovation Officer.

36.    Akash Pugalia did not report directly to Miranda Collard during the time that Plaintiff was an employee of TPUSA. Mr. Pugalia resigned from TPUSA on April 25, 2024, and was rehired on October 10, 2024.

I declare under penalty of perjury and in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on July 15, 2025.

Leslie Miller

82213990;3