IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Athina Karahogitis | § | |
| | § | |
| v. | § | Case No. 4:24-cv-00706 |
| | § | |
| TPUSA, Inc. d/b/a Teleperformance USA | § | |
| and Does 1-20 | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER OBJECTIONS AND MOTION
TO STRIKE DEFENDANT'S SUMMARY JUDGMENT EVIDENCE**

Plaintiff, Athina Karahogitis ("***Ms. Karahogitis***"), files this reply in support of her objections and motion to strike [Dkt. 65] certain summary-judgment evidence offered by Defendant TPUSA, Inc. ("***TPUSA***").

**A.    Miranda Collard Affidavit.**

In its Opposition to Ms. Karahogitis' Objections and Motion to Strike [Dkt. No. 75], TPUSA correctly points out that its counsel filed a corrected appendix that contained a signed version of Miranda Collard's affidavit. [Dkt. No. 61-7]. The undersigned counsel for Ms. Karahogitis was relying on the original appendix in filing its Objection to Ms. Collard's affidavit and, therefore, apologizes to the Court and opposing counsel for this oversight.

**B.    TPUSA's response does not show that Exhibits O, P, or R-Y in TPUSA's Appendix are competent summary judgment evidence.**

That said, many of Ms. Karahogitis' objections to TPUSA's summary-judgment evidence still stand. "To qualify as competent summary judgment evidence, *documents*

*must be authenticated* and must be capable of being presented in admissible form at trial."

*Erwin v. Metalcraft of Mayville, Inc.*, No. 3:23-CV-1561-K, 2025 U.S. Dist. LEXIS 76787, at

*22 (N.D. Tex. 2025) (emphasis added).  Thus, while TPUSA is correct that evidence in

support of a summary-judgment motion does not necessarily need to be in admissible

form at the summary judgment stage, a "party may object that the material cited to

support or dispute a fact cannot be presented in a form that would be admissible in

evidence." Fed. R. Civ. P. 56(c)(2). "Such an objection gives the proffering party a chance

'to explain the admissible form that is anticipated.'" *Maurer v. Indep. Town*, 870 F.3d 380,

384 (5th Cir. 2017).  Indeed, "a precondition for considering evidence in an improper form

. . . [is] that the 'the party submitting the evidence [must] show that it will be possible to

put the information . . . into an admissible form.'" *Balboa Capital Corp. v. Okoji Home Visits*

*MHT, L.L.C.*, 111 F.4th 536, 547 (5th Cir. 2024).  TPUSA has not done so.

    TPUSA argues that Exhibits O, P, and R-Y are authenticated by Michelle Sedlacek,

a Human Resources Business Partner for TPUSA. However, Ms. Sedlacek did not

authenticate any of these exhibits. Rather, her declaration states "Exhibits A-F, H-P and

R-Y of the Appendix to Defendant TPUSA's Brief in Support of its Motion for Summary

Judgment are part of TPUSA's business records, are maintained in the ordinary course of

business, and were copied from TPUSA's files." [Dkt. 61-7, App. 715-718]. This statement

may be sufficient to show that Exhibits S-Y *could* fall within the business records

exception to the hearsay rule, but is not sufficient to show that the documents could be

authenticated by Ms. Sedlacek at trial. She does not state that she has personal knowledge of these documents or knows what they are, where they came from, or what they reflect. She simply has not said anything "sufficient to support a finding that the item is what the proponent claims it is," as required by Rule 901. Ms. Karahogitis therefore stands by her objection to these exhibits. [1]

**C.    Ms. Karahogitis' timely-submitted errata sheet to volume 2 of her deposition transcript.**

TPUSA offered Volume 2 of the transcript of Ms. Karahogitis in its attempt to dispute Ms. Karahogitis' disability and sex discrimination claims.  But, it is undisputed that TPUSA failed to fully and properly set forth the transcript – the evidence that it purported to reference. Rather than concede that it forgot to include and consider the errata sheet to Volume 2 of Ms. Karahogitis' deposition transcript, TPUSA argues that (a) Ms. Karahogitis submitted her errata sheet just ahead of the 30-day deadline in Federal Rule of Civil Procedure 30(e), (b) Ms. Karahogitis submitted her errata sheet too close to the summary judgment deadline of June 20, 2025, and (c) TPUSA did not receive the errata by email until the day it filed its summary judgment motion. Yet, TPUSA cannot

---

[1] As an aside, Ms. Sedlacek's affidavit actually supports what Ms. Karahogitis has been saying about TPUSA's ability to obtain documents and present witnesses from other entities within the Teleperformance Group when it wants to.  She indicates that she obtained certain documents from TP Mexico and TP Philippines, and further indicates that these other companies' records are part of TPUSA's business records.

dispute that the errata sheet was timely submitted, and that the transcript of Ms. Karahogitis' deposition testimony must include the errata sheet.

TPUSA cites to *Setliff v. Zoccam Techs., Inc.*, 344 F.R.D. 14, 23 -24 (N.D. Tex. 2023) to contend that "Plaintiff's original deposition testimony remains part of the summary judgment record." *Setliff* did not stand for this proposition. Rather, *Setliff* addresses a motion to strike an errata sheet that was not timely submitted and had 46 changes, and there this Court declined to strike the errata sheet because the errata sheet was timely submitted based on the opposing party's consent and Federal Rule of Civil Procedure 30(e) allows the deponent to make changes to the deposition testimony in the errata sheet. 344 F.R.D. at 22. *Setliff* is not analogous here.

TPUSA's failure to include the errata sheet to Volume 2 of Ms. Karahogitis' deposition transcript mischaracterizes the evidence that it claims is undisputed and supportive of entry of summary judgment on Ms. Karahogitis' claims. The Court should therefor sustain this objection in considering TPUSA's summary judgment motion, as the errata sheet shows a factual dispute rendering summary judgment inappropriate.

WHEREFORE, PREMISES CONSIDERED, Ms. Karahogitis respectfully requests the Court to sustain her objections, strike the foregoing exhibits from the summary judgment record, disregard them for purposes of TPUSA's motion for summary judgment, and grant Ms. Karahogitis such other and further relief to which she may be justly entitled.

Dated: July 17, 2025.

Respectfully submitted,

/s/ Brian Vanderwoude
J. Brian Vanderwoude
Texas Bar No. 24047558
**DORSEY & WHITNEY LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile
vanderwoude.brian@dorsey.com

Gabrielle M. Wirth
Admitted *pro hac vice*
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
(714) 800-1400 Phone
(714) 800-1499 Facsimile
wirth.gabrielle@dorsey.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, I submitted the foregoing document with the clerk of the United Stated District Court for the Northern District of Texas, Fort Worth Division, using the electronic case filing system of the Court, serving all counsel of records in a manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

*/s/ Brian Vanderwoude*
J. Brian Vanderwoude